**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JUSTO E. ROQUE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-2552** |
| **HARRAH'S CASINO, N.O., ET AL.** | **SECTION: "C" (4)** |

**REPORT AND RECOMMENDATION**

Before the Court is **Defendants' Motion For More Definite Statement and/or Alternatively, Motion To Dismiss (R. Doc. 27)**, filed by the Defendants, Full Services Systems Corporation and Southern Services Corporation, erroneously collectively designated as FSS/SCC, Maximiliano J. Gallac, Elizabeth Rodriguez, Gary Poynor, Maria Guevera, and Victor Bonilla (collectively, "the Defendants"), seeking a more definite statement of the Plaintiff, Justo E. Roque, Jr.'s ("Roque") Complaint, or alternatively, to dismiss Roque's non-meritorious claims. Roque opposes the motion. (R. Doc. 32.) The motion was referred to the undersigned United States Magistrate Judge by the presiding District Judge for disposition in an Order dated April 30, 2009. (*See* R. Doc. 29.) The motion was heard without oral argument on Wednesday, May 13, 2009.

**I.    Background**

Roque filed the instant *pro se* and *in forma pauperis* Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, Title 42 U.S.C. § 2000e, Title 42 U.S.C. § 1981 and Title 42 U.S.C. § 1983 against the Defendants seeking

recovery for alleged violations derived from the Defendants' purported unlawful employment practices and policies. (R. Doc. 1, Compl. ¶ II. *See also* R. Doc. 1, p. 4.) Roque is a Cuban male and a resident of New Orleans, Louisiana. (R. Doc. 1, ¶ III.) He was an employee of FSS/SCC Companies and had been hired to provide cleaning services at Harrah's Casino ("Harrah's") in New Orleans. (R. Doc. 1, ¶ IV. *See also* R. Doc. 1-2, p. 8, Comision Para La Igualdad De Oportunidades En El Empleo Formulario Preliminar.)

According to the pleadings, on August 8, 2008, Roque was suspended from his position for three (3) days after allegedly disrespecting Harrah's clientele.[1] (*See* R. Doc. 1-2, p. 31, Notice of Disciplinary Action, Aug. 8, 2008.) He was terminated thereafter, on August 15, 2008, for failure to follow company and property rules. (*See* R. Doc. 1-2, p. 32, Termination Notice, Aug. 15, 2008.)

In the subject Complaint, Roque seems to allege that his employer discriminated against him and that he was harassed and suffered intentional infliction of emotional distress. (R. Doc. 1, ¶ II; R. Doc. 1, pp. 3, 6.) Upon review of the supporting documentation, namely Roque's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination, it appears that Roque initially complained that he was discriminated against based upon his national origin and his appearance as well as in retaliation for unspecified acts. (*See* R. Doc. 1-2, p. 8, Comision Para La

---

[1] In a statement dated August 11, 2008, Maximiliano J. Gallac ("Gallac"), the Full Service Systems Project Manager at Harrah's, explains that Roque had failed to place a "wet sign" at the doorway leading to the Royal Street hallway of the Casino on August 8, 2009–the effective date of Roque's suspension. (R. Doc. 1-2, p. 33, State. of Maximiliano J. Gallac, Aug. 11, 2008.) According to Gallac, Loucious–a safety manager and private investigator at the facility–asked Roque why the wet sign was missing. Roque allegedly retorted in a sarcastic and disrespectful tone, urging Loucious to "talk to his supervisor." (R. Doc. 1-2, p. 33.) Loucious responded by telling Roque "there was no reason to give an attitude like that, especially if he didn't know who he was talking to." (R. Doc. 1-2, p. 33.) In reply, Roque simply stated that "he did not really care." (R. Doc. 1-2, p. 33.) Shortly thereafter, Loucious reported this exchange to Gallac, who then explained the consequences of this exchange to Roque before sending him home. (R. Doc. 1-2, p. 33.) On Monday, August 11, 2008, Gallac instructed Roque to contact the Kenner Office to find out what measures to take and informed him that "he would not be working for the Harrah's account any longer." (R. Doc. 1-2, p. 33.)

Igualdad De Oportunidades En El Empleo Formulario Preliminar.) Roque filed suit in this Court seeking back pay, compensatory damages, punitive damages for "malicious" and "reckless" acts, attorneys fees, and a host of other forms of relief that remain unclear. (*See generally* R. Doc. 1, pp. 6-7.)

In the subject motion, the Defendants contend that Roque's Complaint, taken as a whole is "simply unintelligible." (R. Doc. 27-2, p. 3.) Therefore, they urge the Court to order Roque to amend his Complaint. (R. Doc. 27-2, p. 3.) Alternatively, the Defendants ask this Court to dismiss any untenable claims, to the extent that Roque has already stated his best case. (R. Doc. 27-2, p. 3.)

Roque opposes the motion. (*See generally* R. Doc. 32.) However, in his Opposition, Roque fails to expressly contend that his Complaint has been adequately pled. Rather, Roque seems to reurge many of the incomprehensible statements that are set forth in his original Complaint. (*Compare* R. Doc. 32 *with* R. Doc. 1.)

## II. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for more definite statements are generally disfavored because the Rules simply call for a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests. *Acker v. Bishop*, No. 06-0710, 2006 WL 1895484, at *1 (W.D. La. Jul. 10, 2006); Fed. R. Civ. P. 8; *see also General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999) (reasoning that Rule 8 only requires a short and plain statement of sufficient to (1) provide notice of the circumstances giving rise to the claim or (2) set forth sufficient information to outline the claim

3

elements or permit inferences to be drawn that these elements exist.").

Rule 12(e) provides a remedy for unintelligible pleadings, and thus is only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice. *Id*. Furthermore, a motion for a more definite statement is inappropriate where the parties can discover additional information through discovery. *Id*.; *Blum v. Roberts*, No. 06-2307, 2006 WL 2135457, at *2 (E.D. La. Jul. 28, 2006).

Under Rule 12(e), a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Furthermore, if the court orders a more definite statement and the non-moving party fails to comply within ten (10) days after the order, or another court-determined time, then the court may strike the pleading or issue an appropriate order. *Id*.

### III. Analysis

The Defendants contend that the allegations set forth in Roque's Complaint against it by the Plaintiffs are extremely difficult to understand. They further assert that the Complaint itself is "rambling and otherwise unintelligible as to make it difficult for Defendants and this Honorable Court to determine exactly what claims are being asserted against which Defendant." They also argue that the Complaint as written makes it "nearly impossible" for them to discern the relationships between the myriad claims urged by Roque in this lawsuit as distinguished from his earlier filed EEOC charge. Ultimately, the Defendants insist that they cannot respond to the allegations therein. However, in the event that this Court denies the motion for a more definite statement, the Defendants urge the Court to dismiss Roque's untenable claims.

Roque responds by simply reasserting many of the same incomprehensible allegations that

4

are set forth in the Complaint. The Opposition Memorandum is otherwise unclear.

The Court notes that Roque does not state how or why the Defendants discriminated against him. He also fails to clearly or sufficiently articulate the relationship between the vague and confusing allegations and the named parties. Furthermore, the instant Complaint is neither short nor plain in any respect, and it is extremely difficult to follow because it is riddled with incomplete and otherwise nonsensical phrases and statements.

It remains unclear whether the entire 83-page submission is the Complaint or whether portions are intended as mere exhibits. In fact, the only clear sources of information are the EEOC Intake Form, which is written in Spanish, and certain attachments that were included as part of the pleading.[2] With the exception of these few sources, the Court finds it incredibly difficult to determine what claims are asserted and the relationship between those claims and the EEOC charge.

Notwithstanding Roque's status as a *pro se* litigant, he must comply with the applicable rules when submitted his pleadings. *See, e.g.*, *Santos v. Texas Workforce Com'n*, No. H-08-1869, 2008 WL 2902078, at *2 (S.D. Tex. July 28, 2008) (also noting that "[c]ourts have dismissed needlessly prolix and confusing complaints after the plaintiff failed to take advantage of an invitation to cure the defects..."). Based on the foregoing, the Defendants' motion for more definite statement should be granted, and Roque should be required to submit a more definite statement no later than ten (10) days from the adoption of this Order by the presiding District Judge. Failure to submit an Amended Complaint within the time frame allotted may result in dismissal of the subject lawsuit.

---

[2] The Court also notes that many of the attachments, *i.e.*, doctor's notes, prescriptions for medication, and pay stub receipts, seem completely unrelated to Roque's discrimination claims.

### IV. Recommendation

Accordingly,

**IT IS RECOMMENDED** that the Defendants' **Motion For More Definite Statement and/or Alternatively, Motion To Dismiss (R. Doc. 22)** be **GRANTED IN PART and DENIED IN PART.**

- **IT IS GRANTED** to the extent that it requests an Order requiring the Plaintiff, Justo E. Roque, Jr., to amend his Complaint to make a more definite statement of his claims against the Defendants.

- It should be **DENIED** in all other respects.

**IT IS FURTHER RECOMMENDED** that Justo E. Roque, Jr. submit a more definite statement setting forth the allegations against the Defendants **no later than ten (10) days** from the adoption of this Order by the presiding District Judge.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 12th day of August 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**